**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PATRICIA FARIAS,** <br> **individually and on behalf of all others** <br> **similarly situated,** <br><br>                Plaintiff, <br><br>    v. <br><br> **R.R. DONNELLEY & SONS** <br> **COMPANY,** <br><br>                Defendant. | Case No.    20-cv-07468 <br><br> Removed from the State of Illinois, <br> Circuit Court of Cook County, <br> Case No. 2020 CH 06765 |

## NOTICE OF REMOVAL

Defendant R.R. Donnelley & Sons Company ("RRD" or "Defendant") hereby removes the above-captioned action, which is currently pending in the Illinois Circuit Court of Cook County, to the United States District Court for the Northern District of Illinois. This removal is based upon jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446. In support of its Notice of Removal, RRD states the following:

### *The State Court Action*

1.      On November 12, 2020, Plaintiff Patricia Farias ("Plaintiff") filed a putative class action complaint ("Complaint") in the Cook County Circuit Court, captioned *Patricia Farias, individually and on behalf of all others similarly situated v. R.R. Donnelley & Sons Company*, Case No. 2020 CH 06765 (the "Action"). The Complaint alleges that Defendant violated the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA") in five different ways. (*See* **Exhibit 1**, Complaint at ¶¶ 24-26.)

2.      Defendant was served with a copy of the Summons and the Complaint on November 19, 2020. This was Defendant's first formal notice of the Action. In accordance with

28 U.S.C. § 1446(b), a true and correct copy of all process, pleadings, and orders served upon Defendant, including a copy of the Summons and Complaint, is attached as **Exhibit 1**. No other processes, pleadings, or orders have been served on Defendant in this matter.

3.      This Notice of Removal is timely filed within 30 days of Defendant's receipt of service of the Complaint as permitted by 28 U.S.C. § 1446(b).

4.      Plaintiff alleges that she brings this Complaint on behalf of a proposed class of "All individuals who had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant in the State of Illinois" (the "Class"). (Ex. 1, Compl., ¶ 39.) Plaintiff asserts that "the number of persons within the Class is substantial, believed to amount to hundreds of persons." (*Id.*, ¶ 40.)

5.      Plaintiff alleges that Defendants violated her rights and the rights of the Class under BIPA by:

- Failing to inform Plaintiff and the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, in violation of 740 ILCS 14/15(b)(1) (*See id.*, ¶ 24);

- Failing to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, in violation of 740 ILCS 14/15(b)(2) (*See id.*, ¶ 25);

- Failing to inform Plaintiff and the Class in writing of the specific length of time their biometrics were being captured, collected, stored, and used, in violation of 740 ILCS 14/15(b)(2) (*See id.*);

- Failing to obtain written releases from Plaintiff and the Class in violation of 740 ILCS 14/15(b)(3) (*See id.*);

- Failing to publicly provide a publicly-available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store in violation of 740 ILCS 14/15(a) (*See id.*, ¶ 26).

(*See id.*, ¶¶ 24-26.)

6.    Plaintiff seeks class certification, a finding that Defendant violated BIPA, liquidated monetary damages on behalf of herself and the Class for each time Defendant violated BIPA, injunctive relief, reasonable attorneys' fees and costs, including other litigation expenses, and pre- and post-judgment interest. (*Id.*, Prayer for Relief.)

### Venue

7.    Because the Circuit Court of Cook County lies in the Northern District of Illinois, Eastern Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

8.    As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), because it is a civil action between citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.[1]

### CAFA Jurisdiction

9.    Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

10.    CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

---

[1] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

11.     Here, numerous members of the putative Class of plaintiffs and Defendant are citizens of different states, and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.

12.     While the named Plaintiff is a citizen of Illinois, RRD's records reflect that some of the putative class members live outside of Illinois, including in Indiana, Wisconsin, Michigan, Ohio, Oklahoma, and Arkansas. (**Exhibit 2**, Declaration of Mark Brothers at ¶ 8.)

13.     Some putative class members are citizens of states other than Illinois.

14.     Defendant is incorporated under the laws of the State of Delaware, and its principal place of business is located in Chicago, Illinois. Therefore, Defendant is a citizen of Delaware and Illinois. (*Id.*, ¶ 4.)

15.     Thus, diversity for purposes of CAFA is satisfied because numerous class members are citizens of Indiana, Wisconsin, Michigan, Ohio, Oklahoma, and Arkansas, and Defendant is a citizen of Delaware and Illinois.

16.     Defendant is not a state, state official, or other governmental entity, as required by 28 U.S.C. § 1332(d)(5)(A).

17.     The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff alleges that when she worked for Defendant, she was required to provide biometric scans each time she clocked in and clocked out of a shift at work. (*See* Ex. 1, Compl., ¶ 29.) Plaintiff was employed by RRD as a 2nd Shift Production Coordinator from April 8, 2019 to October 4, 2020. (Ex. 2, Brothers Decl., ¶¶ 5-6.) She worked at RRD's 5501 W. Grand Avenue, Chicago, Illinois location. (*Id.*, ¶ 6.) While Defendant denies that its timeclock system(s) captured biometrics of Plaintiff or the Class alleged in the Complaint, within the state of Illinois, approximately 750 RRD employees may have enrolled in a timeclock system since November 12,

2015 that scanned a portion of the employee's fingertip or hand. (*Id.*, ¶ 7.) Accordingly, the putative class consists of more than 100 individuals.

18.     Though Plaintiff's Complaint is silent as to the total amount of damages claimed, her pleadings and putative class plausibly place more than $5,000,000 in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

19.     Plaintiff alleges Defendant owes $5,000 in statutory damages for each intentional and/or reckless violation of BIPA. (*See* Ex. 1, Compl., ¶¶ 52, 62, Prayer for Relief § C; 740 ILCS 14/20.) There have been approximately 750 RRD employees enrolled in the timeclock systems in the five years preceding Plaintiff's Complaint being filed. (Ex. 2, Brothers Decl., ¶ 7.) Plaintiff's Complaint alleges five BIPA violations per class member. (Ex. 1, Compl., ¶¶ 24-26.) Accordingly, if Defendant is found to have willfully committed all five alleged violations of the BIPA with respect to each of the 750 putative class members, the amount in controversy is $18,750,000, exclusive of attorneys' fees.

20.     While Defendant denies the validity and merit of all of Plaintiff's claims and denies her requests for relief thereon, the factual allegations in Plaintiff's Complaint put the total amount of damages at issue in this action in excess of $5,000,000, which exceeds this Court's jurisdictional minimum under CAFA.

21.     As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.

### *Compliance With Procedural Requirements*

22.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant being served with the Complaint on November 19, 2020.

23.     Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Patricia Farias, as required by 28 U.S.C. § 1446(d), through her attorneys, Carl Malmstrom, Wolf Haldenstein Adler Freeman & Herz LLC, 111 W. Jackson Boulevard, Suite 1700, Chicago, Illinois 60604, and Joseph Marchese and Philip Fraietta, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, New York 10019.

24.     A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County, as required by 28 U.S.C. § 1446(d).

25.     Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant R.R. Donnelley & Sons Company hereby removes this Action from the Circuit Court of Cook County, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.


Dated: December 17, 2020                    Respectfully Submitted,



                                            */s/ Orly Henry*

Kwabena Appenteng, ARDC #6294834
*kappenteng@littler.com*
Orly Henry, ARDC #6306153
*ohenry@littler.com*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
312-372-5520

Patricia J. Martin, ARDC #6288389
*pmartin@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

*Attorneys for Defendant R.R. Donnelley & Sons Company*

## CERTIFICATE OF SERVICE

I, Orly Henry, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on December 17, 2020:

Carl V. Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Boulevard, Suite 1700
Chicago, Illinois 60604
*malmstrom@whafh.com*

Joseph I. Marchese
Philip L. Fraietta
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, New York 10019
*jmarchese@bursor.com*
*pfraietta@bursor.com*

*/s/ Orly Henry*
One of Defendant's Attorneys

# EXHIBIT 1

Return Date: No return date scheduled
Hearing Date: 3/18/2021 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
    Cook County, IL

Case: 1:20-cv-07468 Document #: 1 Filed: 12/17/20 Page 10 of 57 PageID #:10

FILED
11/13/2020 12:51 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH06765

11131517

2120 - Served           2121 - Served
2220 - Not Served       2221 - Not Served
2320 - Served By Mail     2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
Summons - Alias Summons                       (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Patricia Farias

                   (Name all parties)     Case No.    2020-CH-06765

           v.

R. R. Donnelley & Sons Company

                 ☑ **SUMMONS** ☐ **ALIAS SUMMONS**

*CT Corporation System*
*208 S LaSalle St, Suite 814*
*Chicago, IL 60604*

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons** (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 38819

Atty Name: Carl V. Malmstrom

Atty. for: Plaintiff Patricia Vargas

Address: 111 W. Jackson Blvd., Suite 1700

City: Chicago

State: IL    Zip: 60604

Telephone: (312) 984-0000

Primary Email: malmstrom@whafh.com

Witness: 11/13/2020 12:51 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service:
(To be inserted by officer on copy left with Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**DIE DATE**
**12/06/2020**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
^ 0 3 4 2 3 5 8 6 ^

**DOC.TYPE:** CHANCERY
**CASE NUMBER:** 2020CH06765
**DEFENDANT**
R R DONELLEY AND SONS COMPANY
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

**SERVICE INF**
RM 802 CT (
SYSTEM

**ATTACHED**

Return Date: No return date scheduled
Hearing Date: 3/18/2021 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
    Cook County, IL

FILED
11/13/2020 12:51 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH06765

11131517

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Patricia Farias

                   (Name all parties)

v.

R. R. Donnelley & Sons Company

Case No.  2020-CH-06765

CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**                  **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 38819

Atty Name: Carl V. Malmstrom

Atty. for: Plaintiff Patricia Vargas

Address: 111 W. Jackson Blvd., Suite 1700

City: Chicago

State: IL    Zip: 60604

Telephone: (312) 984-0000

Primary Email: malmstrom@whafh.com

Witness: 11/13/2020 12:51 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

|||||||||| 0 3 4 2 3 5 8 6 ||||||||||

**DIE DATE**
12/06/2020

**DOC.TYPE:** CHANCERY
**CASE NUMBER:** 2020CH06765
**DEFENDANT**
R R DONELLEY AND SONS COMPANY
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

**SERVICE INF**
RM 802  CT (
SYSTEM

**ATTACHED**

Return Date: No return date scheduled
Hearing Date: 3/18/2021 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
　　　Cook County, IL

Case: 1:20-cv-07468 Document #: 2-1 Filed: 12/18/20 Page 18 of 57 PageID #:18

FILED
11/12/2020 4:04 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH06765

11120732

Chancery Division Civil Cover Sheet
**General Chancery Section**

(02/19/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Patricia Farias

　　　　　　　　　　　　　　　　Plaintiff

v.

R. R. Donnelley & Sons Company

　　　　　　　　　　　　　　　　Defendant

Case No: **2020CH06765**

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 | ☐ | Administrative Review |
| 0001 | ☑ | Class Action |
| 0002 | ☐ | Declaratory Judgment |
| 0004 | ☐ | Injunction |
| 0007 | ☐ | General Chancery |
| 0010 | ☐ | Accounting |
| 0011 | ☐ | Arbitration |
| 0012 | ☐ | Certiorari |
| 0013 | ☐ | Dissolution of Corporation |
| 0014 | ☐ | Dissolution of Partnership |
| 0015 | ☐ | Equitable Lien |
| 0016 | ☐ | Interpleader |

| | | |
|---|---|---|
| 0017 | ☐ | Mandamus |
| 0018 | ☐ | Ne Exeat |
| 0019 | ☐ | Partition |
| 0020 | ☐ | Quiet Title |
| 0021 | ☐ | Quo Warranto |
| 0022 | ☐ | Redemption Rights |
| 0023 | ☐ | Reformation of a Contract |
| 0024 | ☐ | Rescission of a Contract |
| 0025 | ☐ | Specific Performance |
| 0026 | ☐ | Trust Construction |
| 0050 | ☐ | Internet Take Down Action (Compromising Images) |

☐ Other (specify) _____

◉ Atty. No.: 38819　　　○ Pro Se 99500

Atty Name: Carl V. Malmstrom

Atty. for: Plaintiff Monica Vargas

Address: 111 W. Jackson Blvd., Suite 1700

City: Chicago　　　　　State: IL

Zip: 60604

Telephone: (312) 984-0000

Primary Email: malmstrom@whafh.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

Attorney No. 38819

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| PATRICIA FARIAS, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 2020CH06765 |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| R. R. DONNELLEY & SONS COMPANY | ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Patricia Farias, individually and on behalf of all other persons similarly situated, by her undersigned attorneys, as and for her Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendant R.R. Donnelley & Sons Company ("Defendant"), alleges on personal knowledge, due investigation of her counsel, and, where indicated, on information and belief as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using her and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without obtaining informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

---

[1]     A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry", among others.

[2]     "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

2.     The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/15(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.     In recognition of these concerns over the security of individuals' biometrics the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it informs that person in writing that biometric identifiers or information will be collected or stored. *See* 740 ILCS 14/15(b).

4.     The BIPA further requires that entities collecting biometrics must inform those persons in writing of the specific purpose and length of term for which such biometric identifiers or biometric information are being collected, stored and used. *See id.*

5.     Moreover, entities collecting biometrics must publish publicly available written retention schedules and guidelines for permanently destroying biometrics collected. *See* 740 ILCS 14/15(a).

6.     Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *See* 740 ILCS 14/15(c).

7.     Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from an individual's biometrics. *See* 740 ILCS 15/15(c).

8.      In direct violation of each of the foregoing provisions of §§ 15(a) and 15(b) of BIPA, Defendant collected, stored and used–without first providing notice, obtaining informed written consent or publishing data retention policies–the fingerprints and associated personally identifying information of hundreds of its employees (and former employees), who are being required to "clock in" with their fingerprints.

9.      This practice of requiring employees to "clock in" using their fingerprints was in place at least since approximately April 2019.

10.     Plaintiff left Defendant's employ in approximately November 2019 and was "clocking in" using her fingerprints during her tenure of employment with Defendant.

11.     If Defendant's database of digitized fingerprints were to fall into the wrong hands, by data breach or otherwise, the employees to whom these sensitive and immutable biometric identifiers belong could have their identities stolen, among other serious issues.

12.     BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their employment.

13.     Yet, Defendant never adequately informed Plaintiff or the Class of its biometrics collection practices, never obtained the requisite written consent from Plaintiff or the Class regarding its biometric practices, and never provided any data retention or destruction policies to Plaintiff or the Class.

14.     Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

- 3 -

**JURISDICTION AND VENUE**

15.     This Court has personal jurisdiction over Defendant because the biometrics that give rise to this lawsuit were (1) collected by Defendant at facilities in Illinois, (2) stored by Defendant at facilities in Illinois, and (3) used by Defendant at facilities in Illinois.

16.     Venue is proper in this County pursuant to because Defendant conducts its usual and customary business in this County.  735 ILCS 5/2-102(a).

**PARTIES**

17.     Plaintiff is, and has been at all relevant times, a resident and citizen of Illinois.

18.     Defendant R. R. Donnelley & Sons Company is a foreign corporation doing business in Cook County, Illinois within a facility and corporate headquarters located at 35 W. Wacker, 36th Floor, Chicago, Illinois.

**FACTUAL BACKGROUND**

**I.     Illinois' Biometric Information Privacy Act.**

19.     The use of a biometric scanning system in the workplace entails serious risks. Unlike key fobs or identification cards—which can be changed or replaced if stolen or compromised—facial geometry is a permanent, unique biometric identifier associated with the employee. This exposes employees to serious and irreversible privacy risks. For example, if a device or database containing employees' facial geometry data is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

20.     Recognizing the need to protect citizens from these risks, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") in 2008, to regulate companies that collect and store biometric information, such as facial geometry. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276.

- 4 -

21.     BIPA makes it unlawful for a company to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

> (1) informs the subject...in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject...in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

22.     Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

23.     As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without informed written consent violated all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violated § 15(a) of BIPA.

**II.     Defendant Violates Illinois' Biometric Information Privacy Act.**

24.     Unbeknown to the average person, and in direct violation of § 15(b)(1) of BIPA, Defendant scanned and collected, and then indefinitely stored in an electronic database, digital copies of each employee's fingerprints during the employee onboarding process from at least approximately April 2019 to at least approximately November 2019, and on each occasion an employee clocks in or out of one of Defendant's Illinois-based facility – all without ever informing anyone of this practice in writing.

25.     In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, from at least approximately April 2019 to at least approximately November 2019, Defendant never informed Illinois employees who had their fingerprints collected of the specific purpose and length of time for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from these individuals.

26.     In direct violation of § 15(a) of BIPA, from at least November 2019, Defendant did not have written, publicly available policies identifying its retention schedules or guidelines for permanently destroying any of these biometric identifiers and/or biometric information.

**III.    Experience of Plaintiff Patricia Farias.**

27.     Plaintiff began working for Defendant in or around April 2019.

28.     During the course of Plaintiff's employment, Defendant required Plaintiff to place her fingers on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints.

29.     Plaintiff worked for Defendant until approximately November 2019.  During her employment tenure, Plaintiff was required to place her fingers on a fingerprint scanner, which

scanned, collected and stored her fingerprints each time she "clocked" in and out as part of the timekeeping system.

30.     Then, upon information and belief, Defendant's fingerprint matching technology compared Plaintiff's scanned fingerprint against the fingerprint previously stored in Defendant's fingerprint database.

31.     On each occasion of "clocking in," Plaintiff was granted access to Defendant's facility in order to begin work.

32.     Plaintiff never consented, agreed or gave permission–written or otherwise–to Defendant for the collection or storage of her unique biometric identifiers and/or biometric information.

33.     Further, Defendant never provided Plaintiff with nor did she ever sign a written release allowing Defendant to collect or store her unique biometric identifiers and/or biometric information.

34.     Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of her unique biometric identifiers and/or biometric information.

35.     By collecting Plaintiff's unique biometric identifiers and/or biometric information without her consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in her biometrics.

36.     Finally, Defendant never provided Plaintiff with a retention schedule and/or guideline for permanently destroying her biometric identifiers and biometric information.

37.     Thus, Plaintiff has no reason to believe Defendant actually destroyed her biometric information, despite that the sole reason Plaintiff provided her biometric information (*i.e.* clocking in and out of work) is now moot.

38.     Further, to the extent Defendant uses an outside vendor to process its payroll, there is a significant risk Plaintiff's biometric identifiers have already been disseminated without her knowledge or consent.

## CLASS ALLEGATIONS

39.     **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant in the state of Illinois.

40.     **Numerosity:** Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the Class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

41.     **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

- 8 -

(a) whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers and/or biometric information;

(b) whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

(c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;

(d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e) whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;

(f) whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

(g) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

42.     **Adequate Representation:** Pursuant to 735 ILCS 5/2-801 (3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class,

additional claims as may be appropriate, or to amend the Class definition to address any steps that Defendant took.

43.     **Superiority:** Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

## COUNT I – FOR DAMAGES AGAINST DEFENDANTS
## VIOLATION OF 740 ILCS 14/15(A) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE

44.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

46.     Defendant failed to comply with these BIPA mandates.

47.     Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

48.     Plaintiff is an individual who had her "biometric identifiers" captured and/or collected by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

49.     Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

50.     Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

51.     Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data. As such, the only reasonable conclusion is that Defendant has not, and will not, destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied.

52.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

- 11 -

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Patricia Farias, on behalf of himself and the proposed Class,

respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

B. Declaring that Defendants' actions, as set out above, violate BIPA, 740 ILCS 14/15(a), *et seq.*;

C. Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendants' violations were negligent;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendants to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

## COUNT II – FOR DAMAGES AGAINST DEFENDANTS
### VIOLATION OF 740 ILCS 14/15(B) –
### FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION

53. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

54. BIPA requires companies to obtain informed written consent from employees

before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity

to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a

customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the

- 12 -

subject...in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject...in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information..." 740 ILCS 14/15(b) (emphasis added).

55. Defendant failed to comply with these BIPA mandates.

56. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

57. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

58. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

59. Defendant systematically and automatically collected, captured, used, and stored Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

60. Defendant never informed Plaintiff, and never informed any member of the Class at least prior to January 2019, in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

61. By collecting, capturing, storing, and/or using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated

Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

62.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Patricia Farias, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq*.;

C. Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

- 14 -

G. Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 12, 2020

Respectfully submitted,

/s/ Carl V. Malmstrom .
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLC**
(Attorney No. 38819)
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiff and the*
*Putative Class*

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Philip L. Fraietta*
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
jmarchese@bursor.com
pfraietta@bursor.com

*\*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Class*

Attorney No. 38819

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

PATRICIA FARIAS, *individually and on*
*behalf of all others similarly situated,*

                Plaintiff,

v.

R. R. DONNELLEY & SONS COMPANY,

                Defendant.

Case No. 2020-CH-06765

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Patricia Farias ("Plaintiff"), by and through undersigned counsel and pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of her Motion, Plaintiff submits the following Memorandum of Law.

Dated:November 13, 2020                    Respectfully submitted,

                                           /s/ Carl V. Malmstrom .
                                           **WOLF HALDENSTEIN ADLER**
                                           **FREEMAN & HERZ LLC**
                                           (Attorney No. 38819)
                                           Carl V. Malmstrom
                                           111 W. Jackson Blvd., Suite 1700
                                           Chicago, IL 60604
                                           Tel: (312) 984-0000
                                           Fax: (212) 686-0114
                                           malmstrom@whafh.com

                                           *Local Counsel for Plaintiff and the*
                                           *Putative Class*

                                           **BURSOR & FISHER, P.A.**
                                           Joseph I. Marchese*
                                           Philip L. Fraietta*
                                           888 Seventh Avenue
                                           New York, NY 10019
                                           Tel: (646) 837-7150
                                           Fax: (212) 989-9163
                                           jmarchese@bursor.com
                                           pfraietta@bursor.com

                                           *\*Pro Hac Vice Application Forthcoming*

                                           *Attorneys for Plaintiff and the Putative Class*

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by R.R. Donnelley & Sons Company ("Defendant"). Defendant provides marketing and business communications, commercial printing, and related services. Defendant captured, collected, stored, and used its employees' biometric information and identifiers to track their time at work. And in so doing, the Defendant has violated Illinois Law by obtaining, storing, and using this data without the employees' informed and written consent, and by failing to provide the employees with the requisite data retention and destruction policies explaining how and when such biometric information will be used, stored, and destroyed. Defendant's conduct was in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

After Plaintiff learned of Defendant's wrongful conduct, she commenced suit on behalf of a class of similarly situated individuals in order to bring an end to the Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of BIPA and to obtain redress for all persons injured by its conduct.

**I.    THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**

BIPA is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints, handprints and vocal identifiers; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. Compl., ¶ 1 n.1; *id.* at n.2.

Recognizing the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in

writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publicly publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15. Compl., ¶ 3.

## II.     FACTUAL BACKGROUND

### A.     The Underlying Misconduct.

Defendant has taken the biometrics of hundreds of individuals within the state of Illinois. Compl., ¶¶ 24, 40. During the relevant time period in the State of Illinois, Defendant implemented biometric fingerprint scanning and recognition technology to collect biometric information from its employees, including Plaintiff, to track their exact "clock-in" and "clock-out" times. *Id.* at ¶ 24. Each fingerprint extracted by the Defendant is biologically unique to the particular individual. *Id.* at ¶ 2. Defendant used its biometrics technology to capture, collect, and store Plaintiff's and other Class member's biometrics. *Id.* at ¶ 59. However, Defendant failed to obtain informed written consent from its employees, including Plaintiff, before capturing and collecting their biometric information. *Id.* Defendant failed to provide its employees, including Plaintiff, with a retention schedule and deletion policies detailing how and when Defendant would retain and destroy the individuals' biometric information and/or biometric identifiers. *Id.* at ¶¶ 50-51.

Defendant does not have a policy of informing individuals, including Plaintiff, of what happens to their biometric information after it is collected and obtained, whether they still retain

- 2 -

her biometrics, and if they do, for how long they intend to retain such information without her consent, whether the information is transmitted to a third party and, if so, which third party. *Id.* at ¶ at 50. Despite its practice of taking the biometric information of every employee who uses its biometric technology, Defendant failed to comply with BIPA's statutory requirements regarding the collection of biometric identifiers and biometric information. *Id.* at ¶¶ 32-36.

## B. The Proposed Class

Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant in the state of Illinois.

Compl., ¶ 39. As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure: numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not only appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## III. ARGUMENT

### A. Legal Standard for Class Certification

To obtain class certification, a plaintiff does not need to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). In determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)     The class is so numerous that joinder of all members is impracticable.
> (2)     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)     The representative parties will fairly and adequately protect the interest of the class.
> (4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the maintenance of a class action, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.")

-4-

(quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.     The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least several hundred members of the Class. Compl., ¶ 40. Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records.

Furthermore, it would be completely impracticable to join the claims of the members of

- 5 -

the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C. Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers or biometric information; whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information; whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers or biometric information; whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first; whether Defendant used Plaintiff's

- 6 -

and the Class' biometric identifiers or biometric information to identify them; and whether Defendant's violations of the BIPA were committed intentionally, recklessly, or negligently. Compl., ¶ 41.

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

### D. The Adequate Representation Requirement is Satisfied.

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interests as the members of the proposed Class. Like the other members of the Class, Plaintiff was subjected to Defendant's biometric timekeeping technology and Defendant captured, collected, and stored her biometrics. Compl., ¶ 1. Plaintiff has also alleged that Defendant did so without complying with BIPA's requirements.

*Id.* Plaintiff's pursuit of this matter against Defendant demonstrates that she will be a zealous advocate for the Class.

Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Compl., ¶ 42. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has asserted viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. *Id.* Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

### E.    Class Certification Will Ensure Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

- 8 -

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at \*6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

A class action is superior to other methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is inefficient and impracticable. Compl., ¶ 43. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. *Id.* It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. *Id.* By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. *Id.* Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA. *Id.* Thus, proceeding as a

class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.   **CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 have been satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing Wolf Haldenstein Adler Freeman & Herz LLC and Bursor & Fisher, P.A. as Class Counsel, and awarding such additional relief as the Court deems reasonable. In the alternative, Plaintiff respectfully requests that this Court defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: November 13, 2020                  Respectfully submitted,

                                         /s/ Carl V. Malmstrom .
                                         **WOLF HALDENSTEIN ADLER**
                                         **  FREEMAN & HERZ LLC**
                                         (Attorney No. 38819)
                                         Carl V. Malmstrom
                                         111 W. Jackson Blvd., Suite 1700
                                         Chicago, IL 60604
                                         Tel: (312) 984-0000

Fax: (212) 686-0114
E-mail: malmstrom@whafh.com

*Local Counsel for Plaintiff and the
Putative Class*

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Philip L. Fraietta*
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
jmarchese@bursor.com
pfraietta@bursor.com

*\*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Class*

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PATRICIA FARIAS,**<br>**individually and on behalf of all others**<br>**similarly situated,** | Case No.  **20-cv-07468** |
| Plaintiff, | Removed from the State of Illinois,<br>Circuit Court of Cook County, |
| v. | Case No. 2020 CH 06765 |
| **R.R. DONNELLEY & SONS**<br>**COMPANY,** | |
| Defendant. | |

**<u>DECLARATION OF MARK BROTHERS</u>**

COMES NOW Mark Brothers, and, pursuant to 28 U.S.C. § 1746, declares as follows:

1.     I am a citizen of the United States, over 18 years of age, and competent to testify as to the matters contained in this Declaration.

2.     I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based upon corporate records which I have reviewed.  Such corporate records are maintained in the regular course of business.

3.     I am employed by R.R. Donnelley & Sons Company ("RRD") as Senior Vice President of Human Resources and Deputy Compliance Officer. I have been with RRD since February 1999.  In my role, I am familiar with RRD and its employees, personnel records, and timekeeping practices.

4.     RRD is a corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois.

5.     Plaintiff Patricia Farias was employed by RRD from April 8, 2019 to October 4, 2020.

6.     Ms. Farias worked as a 2nd Shift Production Coordinator in the Bindery department at RRD's 5501 W. Grand Avenue, Chicago, Illinois facility.

7.    Since November 12, 2015, only three of RRD's locations in Illinois have used timeclocks that scan a portion of the employee's fingertip or hand. RRD's records reflect that approximately 750 employees in those three location may have used the timeclock system that scans a portion of the employee's fingertip or hand since November 12, 2015.

8.    RRD's records reflect that some of the putative class members live outside of Illinois, including in Indiana, Wisconsin, Michigan, Ohio, Oklahoma, and Arkansas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of December 2020.

_____

Mark Brothers

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **PATRICIA FARIAS,**<br>**individually and on behalf of all others**<br>**similarly situated,** | Case No.  **20-cv-07468** |
| Plaintiff, | Removed from the State of Illinois,<br>Circuit Court of Cook County,<br>Case No. 2020CH06765 |
| v. | |
| **R.R. DONNELLEY & SONS**<br>**COMPANY,** | |
| Defendant. | |

## NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL

To:    Carl V. Malmstrom
       Wolf Haldenstein Adler Freeman & Herz LLC
       111 W. Jackson Boulevard, Suite 1700
       Chicago, Illinois  60604

       Joseph I. Marchese
       Philip L. Fraietta
       Bursor & Fisher, P.A.
       888 Seventh Avenue
       New York, New York 10019

PLEASE TAKE NOTICE that on December 17, 2020, Defendant R.R. Donnelley & Sons Company, by and through its attorneys, Littler Mendelson, P.C., filed its Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of this action now pending in the Circuit Court of Cook County, Case No. 2020 CH 06765.  A copy of that Complaint was filed with the Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal is attached to this Notice and hereby served upon you.

*Signature page follows*

Dated:  December 17, 2020                    Respectfully  Submitted,


                                             */s/ Orly Henry*_____

Kwabena  Appenteng,  ARDC #6294834
*kappenteng@littler.com*
Orly Henry, ARDC #6306153
*ohenry@littler.com*
LITTLER  MENDELSON,  P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois  60654
312-372-5520

Patricia J. Martin,  ARDC #6288389
*pmartin@littler.com*
LITTLER  MENDELSON,  P.C.
600 Washington  Avenue,  Suite 900
St. Louis, Missouri  63101
314-659-2000

*Attorneys for Defendant R.R. Donnelley & Sons Company*

## CERTIFICATE OF SERVICE

I, Orly Henry, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on December 17, 2020:

Carl V. Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Boulevard, Suite 1700
Chicago, Illinois 60604
*malmstrom@whafh.com*

Joseph I. Marchese
Philip L. Fraietta
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, New York 10019
*jmarchese@bursor.com*
*pfraietta@bursor.com*

*/s/ Orly Henry*
One of Defendant's Attorneys

# EXHIBIT 4

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| **PATRICIA FARIAS,**<br>**individually and on behalf of all others**<br>**similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**R.R. DONNELLEY & SONS**<br>**COMPANY,**<br><br>Defendant. | Case No. 2020 CH 06765 |

## <u>DEFENDANT'S NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that on December 17, 2020, Defendant R.R. Donnelley & Sons Company, by and through its attorneys, Littler Mendelson, P.C., filed a Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A true and correct copy of the Notice of Removal is attached as Exhibit A.

PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal in Federal Court, together with the filing of a copy of said Notice with this Court, effects the removal of this Action in accordance with 28 U.S.C. § 1446(d).

*Signature page follows*

Dated: December 17, 2020                    Respectfully Submitted,


                                            */s/ Orly Henry*                    


Kwabena Appenteng, ARDC #6294834
*kappenteng@littler.com*
Orly Henry, ARDC #6306153
*ohenry@littler.com*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
312-372-5520

Patricia J. Martin, ARDC #6288389
*pmartin@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

*Attorneys for Defendant R.R. Donnelley & Sons Company*

## <u>CERTIFICATE OF SERVICE</u>

I, Orly Henry, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on December 17, 2020:

Carl V. Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Boulevard, Suite 1700
Chicago, Illinois 60604
*malmstrom@whafh.com*

Joseph I. Marchese
Philip L. Fraietta
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, New York 10019
*jmarchese@bursor.com*
*pfraietta@bursor.com*

<u>*/s/ Orly Henry*</u>
One of Defendant's Attorneys