# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA FARIAS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>　　　　　Defendant. | Case No. 20-cv-07468<br><br>Honorable Elaine E. Bucklo<br><br>Magistrate Judge Sheila M. Finnegan |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARD

Dated: June 6, 2022

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Carl V. Malmstrom
ARDC No. 6295219
111 W. Jackson Street, Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
E-mail: malmstrom@whafh.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
jmarchese@bursor.com
pfraietta@bursor.com

**Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Class*

**TABLE OF CONTENTS**

**PAGE(S)**

INTRODUCTION ................................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND...................................................... 2

SUMMARY OF THE SETTLEMENT ............................................................................. 4

ARGUMENT......................................................................................................................... 4

I. THE REQUESTED ATTORNEYS' FEE AWARD IS REASONABLE AND APPROPRIATE AND SHOULD BE APPROVED................................... 4

    A. Counsel Reasonably Spent 75.9 Hours Prosecuting the Litigation ........ 6

    B. Counsel's Hourly Rates Are Reasonable.................................................. 7

    C. Counsel Assumed the Risk of Non-Payment............................................ 7

    D. The Quality of Counsel's Performance..................................................... 8

    E. The Complexity, Length, and Expense of the Litigation........................ 9

    F. The Stakes of the Litigation...................................................................... 10

II. THE REQUESTED COSTS AND EXPENSES AWARD IS REASONABLE AND APPROPRIATE.............................................................. 10

III. THE REQUESTED SERVICE AWARD IS REASONABLE AND APPROPRIATE............................................................................................... 10

CONCLUSION................................................................................................................... 11

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
  2012 WL 651727 (N.D. Ill. Feb. 28, 2012) ................................................................................ 11

*Behrens v. Landmark Credit Union*,
  2018 WL 3130629 (W.D. Wis. June 26, 2018) .......................................................................... 5

*Blum v. Stenson*,
  465 U.S. 886 (1984) ................................................................................................................... 7

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) ................................................................................................................... 4

*Cook v. Niedert*,
  142 F.3d 1004 (7th Cir. 1998) ............................................................................................ 10, 11

*Craftwood Lumber Co. v. Interline Brands, Inc.*,
  2015 WL 1399367 (N.D. Ill. Mar. 23, 2015) ........................................................................... 11

*Donovan v. Estate of Frank E. Fitzsimmons*,
  778 F.2d 298 (7th Cir. 1985) ..................................................................................................... 9

*Gaskill v. Gordon*,
  160 F.3d 361 (7th Cir. 1998) ..................................................................................................... 5

*Great Neck Capital Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P.*,
  212 F.R.D. 400 (E.D. Wis. 2002) ............................................................................................ 10

*Gutierrez v. Wells Fargo Bank, N.A.*,
  2015 WL 2438274 (N.D. Cal. May 21, 2015) ........................................................................... 7

*Hale v. State Farm Mut. Auto. Ins. Co.*,
  2018 WL 6606079 (S.D. Ill. Dec. 13, 2018) ............................................................................. 5

*Harman v. Lyphomed, Inc.*,
  945 F.2d 969 (7th Cir. 1991) ..................................................................................................... 6

*In re Dairy Farmers of Am., Inc.*,
  80 F.Supp.3d 838 (N.D. Ill. 2015) ............................................................................................. 7

*In re Sw. Airlines Voucher Litig.*,
  898 F.3d 740 (7th Cir. 2018) ..................................................................................................... 4

*In re Synthroid Mktg. Litig.*,
  264 F.3d 712 (7th Cir. 2001) ..................................................................................................... 5


*In re Trans Union Corp. Privacy Litig.*,
   629 F.3d 741 (7th Cir. 2011) .................................................................................................. 7

*Kolinek v. Walgreen Co.*,
   311 F.R.D. 483 (N.D. Ill. 2015) ............................................................................................ 11

*Martin v. Caterpillar Inc.*,
   2010 WL 11614985 (C.D. Ill. Sept. 10, 2010) ....................................................................... 5

*Matter of Cont'l Ill. Sec. Litig.*,
   962 F.2d 566 (7th Cir. 1992) .................................................................................................. 8

*McDonald v. Symphony Bronzville Park, LLC*,
   2022 WL 318649 (IL Sup. Ct. Feb. 3, 2022) ......................................................................... 2

*Pearson v. NBTY, Inc.*,
   772 F.3d 778 (7th Cir. 2014) .................................................................................................. 5

*Silverman v. Motorola Solutions, Inc.*,
   739 F.3d 956 (7th Cir. 2013) .................................................................................................. 7

*Spano v. Boeing Co.*,
   2016 WL 3791123 (S.D. Ill. Mar. 31, 2016) ......................................................................... 7

*Sutton v. Bernard*,
   504 F.3d 688 (7th Cir. 2007) .................................................................................................. 5

**STATUTES**

740 ILCS 14/1 .................................................................................................................................. 3

740 ILCS 14/15(a) ........................................................................................................................... 1

740 ILCS 14/15(b) ........................................................................................................................... 1

**RULES**

Fed. R. Civ. P. 23(h) ....................................................................................................................... 4

Fed. R. Civ. P. 26 ............................................................................................................................ 3

**INTRODUCTION**

In this putative class action, Plaintiff Patricia Farias ("Plaintiff") alleges that Defendant R.R. Donnelley & Sons Company ("Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties") violated the Illinois Biometric Information Privacy Act ("BIPA") Sections 740 ILCS 14/15(a) and 14/15(b) by requiring her and its other Illinois workers to "clock" in and out using their finger and/or handprints. After extensive negotiations spanning over many months and culminating with a full-day mediation with The Honorable Morton Denlow (Ret.) of JAMS Chicago, the Parties have reached a settlement (the "Settlement" or "Agreement") that creates a Maximum Settlement Fund of $445,600 and provides a substantial benefit to the 557 Settlement Class Members. Specifically, every Settlement Class Member who does not exclude him or herself from the Settlement will <u>automatically</u> receive a cash payment, which Proposed Class Counsel estimates will be approximately $490. Additionally, the Settlement also provides meaningful prospective relief, as Defendant acknowledges that it is no longer using the biometric function of the timeclocks at issue in this case and will provide all notices and consent as required by BIPA if the biometric time function is ever reinstated. If approved, the Settlement will bring certainty, closure, and significant and valuable relief for individuals to what otherwise would likely be contentious and costly litigation regarding Defendant's alleged unlawful collection, use, storage, and disclosure of individuals' biometric identifiers and/or biometric information.

Critically, the Settlement was reached despite a substantial risk of non-recovery. Defendant is represented by highly experienced attorneys who have made clear that absent a settlement, they were prepared to continue their vigorous defense of this case, including by moving for summary judgment after discovery. Plaintiff and Class Counsel are also aware that Defendant would continue to challenge liability, as well as assert a number of defenses,

1

including but not limited to whether Defendant actually possessed biometric information or biometric identifiers and whether claims are barred by the applicable statute of limitations. The viability of the latter defense is currently the subject of at least three pending appellate cases. *See Tims v. Black Horse Carriers, Inc.*, Case No. 127801 (IL Sup. Ct.) (statute of limitations); *Marion v. Ring Container Technologies, LLC*, Case No. 3-20-0184 (IL App. Ct. 3d Dist.) (statute of limitations); *Cothron v. White Castle System, Inc.*, Case No. 128004 (IL Sup. Ct.) (when statute of limitations accrues). If successful, the statute of limitations defense would result in a substantial portion of the proposed Settlement Class receiving no payment or relief whatsoever. Moreover, at the time of settlement, the Illinois Supreme Court had not yet decided *McDonald v. Symphony Bronzville Park, LLC*, -- N.E.3d --, 2022 WL 318649 (IL Sup. Ct. Feb. 3, 2022), which considered whether Illinois Worker's Compensation Act preempted BIPA claims. Had the Supreme Court found preemption, the Settlement Class would have recovered nothing at all.

In sum, Class Counsel reached an excellent result for the Settlement Class despite substantial risk of non-recovery. In light of this excellent result, Plaintiff and Class Counsel respectfully request that the Court approve a service award of $5,000 to Plaintiff, costs and expenses of $7,556.73, and an award of attorneys' fees equal to one-third of the Maximum Settlement Fund (or $148,518.48). As detailed below, the requested attorneys' fees, costs, and expenses are appropriate under governing Seventh Circuit standards, and is well within the normal range of awards in contingent-fee class actions in this Circuit. As such, Plaintiff and Class Counsels' request should be approved.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 12, 2020, Plaintiff filed a putative class action in the Circuit Court of Cook County against Defendant. *See* Declaration of Philip L. Fraietta ("Fraietta Decl.") ¶ 4. The material allegations of the Complaint were that Defendant collected, stored and used – without

2

first providing notice, obtaining informed written consent or publishing data retention policies – the finger and/or handprints and associated personally identifying information of hundreds of its employees (and former employees), who were required to "clock in" with their finger and/or handprints, in violation of the BIPA, 740 ILCS 14/1 *et seq*. *Id.* On December 17, 2020, Defendant removed the case to this Court. *Id.* ¶ 5.

On January 25, 2021, Defendant filed a motion to stay the proceedings pending the decisions in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0563 (1st Dist.), *Marion v. Ring Container Technologies, LLC*, Case No. 3-20-0184 (3d Dist.), and *In re: White Castle System, Inc.*, Case No. 20-8029 (7th Cir.). *Id.* ¶ 6. On March 3, 2021, Plaintiff filed an opposition to that motion, and on March 24, 2021, Defendant filed a reply. *Id.* ¶ 7. On April 26, 2021, the Court granted the motion and stayed the case. *Id.* ¶ 8. Since that time, *Marion* remains pending, *In re: White Castle* was recently certified to the Illinois Supreme Court, and while the First District issued an order in *Tims*, the Illinois Supreme Court recently granted a petition for leave to appeal. *Id.* ¶ 9. Thus, the stay has remained in place. *Id.*

From the outset of the case, and as part of their obligation under Fed. R. Civ. P. 26, the Parties engaged in settlement discussions, including informally exchanging relevant information surrounding the alleged claims, and to that end agreed to participate in a private mediation with Judge Denlow. *Id.* ¶ 10. On November 30, 2021, the Parties participated in a full-day mediation with Judge Denlow. *Id.* ¶ 12. At the conclusion of the mediation session, the parties agreed on all material terms of a class action settlement, and executed a term sheet. Fraietta Decl. ¶ 13. Thereafter, the Parties drafted and executed the Settlement Agreement and related documents which are submitted herewith. *Id.* ¶ 14.

## SUMMARY OF THE SETTLEMENT

The Settlement provides an exceptional result for the class by delivering <u>automatic</u> cash payments to every individual who does not opt out of the Settlement who worked at one of Defendant's locations in the State of Illinois and who registered for or used a fingertip or hand scan timekeeping system in connection with their employment with or assignment to Defendant from November 12, 2015 to November 12, 2020 and who have not signed a general release of claims as to Defendant. *Id.* ¶ 15. The Settlement establishes an all-cash Maximum Settlement Fund of $445,600.00 for 557 Settlement Class Members. *Id.* ¶¶ 15-16. Moreover, as part of the Settlement, Defendant has represented that it is no longer using the biometric function of the timeclocks at issue and in the event that Defendant reinstates the use of the biometric function of the timeclocks in Illinois that it will provide all notices and consent as required by BIPA. *Id.* ¶ 17.

## ARGUMENT

**I.  THE REQUESTED ATTORNEYS' FEE AWARD IS REASONABLE AND APPROPRIATE AND SHOULD BE APPROVED**

Under the "common fund" or "common benefit" doctrine, "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). *See also* Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or the parties' agreement."). This rule is equitable in nature and "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Boeing Co.*, 444 U.S. at 478. *See also In re Sw. Airlines Voucher Litig.*, 898 F.3d 740, 745–46 (7th Cir. 2018) ("Fee awards for class counsel are part of a constructive common fund because

4

they are a benefit to the class"); Pearson v. NBTY, Inc., 772 F.3d 778, 781 (7th Cir. 2014) ("value of the settlement" is "defined as the sum of the awards to the class and to its lawyers.").

"In assessing the reasonableness of an attorney fee award for a class action settlement, district courts should 'do their best to award counsel the market price for legal services, in light of the risk of non-payment and the normal rate of compensation in the market at the time.'" Sutton v. Bernard, 504 F.3d 688, 692 (7th Cir. 2007) (quoting In re Synthroid Mktg. Litig., 264 F.3d 712, 718 (7th Cir. 2001)). Relevant factors include the risk of non-payment, the quality of the attorney's performance, the amount of work necessary to resolve the litigation, and the stakes of the case. *Id*. at 693.

The Seventh Circuit has held that "[w]hen a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund, in recognition of the fact that most suits for damages in this country are handled on the plaintiff's side on a contingent-fee basis. The typical contingent fee is between 33 and 40 percent." Gaskill v. Gordon, 160 F.3d 361, 362 (7th Cir. 1998) (upholding the award of 38 percent of a $20 million settlement). District Courts within the Seventh Circuit "regularly award percentages of 33.33% or higher to counsel in class action litigation." Hale v. State Farm Mut. Auto. Ins. Co., No. 12-0660-DRH, 2018 WL 6606079 at *35 (S.D. Ill. Dec. 13, 2018); *see also*, Behrens v. Landmark Credit Union, 2018 WL 3130629, at *16 (W.D. Wis. June 26, 2018) ("And generally, a 33 to 40 percent contingency fee is considered consistent with the market rate and reasonable."); Martin v. Caterpillar Inc., 2010 WL 11614985, at *2 (C.D. Ill. Sept. 10, 2010) ("[C]ourts in the Seventh Circuit award attorney fees 'equal to approximately one-third or more of the recovery.' . . . The Seventh Circuit itself has specifically noted that 'the typical contingent fee is between 33 and 40 percent.'") (citation omitted).

Class Counsel's requested attorneys' fees award of $148,518.48 represents one-third of the Settlement Fund. Class Counsel's request is within the range of 33 to 40 percent commonly awarded by courts in the Seventh Circuit in common fund cases and is therefore reasonable. The sworn declaration of Philip L. Fraietta (Bursor & Fisher, P.A.) submitted herewith attest to the total time and hourly rate litigating this case. *See* Fraietta Decl., ¶¶ 26-32. Class Counsel incurred a total cumulative lodestar of $58,074.23. *Id.* ¶ 27. Class Counsel have spent a cumulative 75.9 hours litigating the case through May 30, 2022. *Id.* The requested fee award would provide a lodestar multiplier of 2.55.

The quality of the work performed by Class Counsel and the results achieved support the award of a lodestar multiplier. *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 975 (7th Cir. 1991) (noting that "[a risk] multiplier is, within the court's discretion, appropriate when counsel assume a risk of non-payment in taking a suit" and "[m]ultipliers anywhere between one and four have been approved"); *Bedford v. Lifespace Communities, Inc.*, No. 1:20-cv-04574, Dkt. Nos. 27 and 32 (N.D. Ill. May 12, 2021) (awarding 33.33% in a BIPA class action settlement representing a lodestar multiplier of 5.3).

### A. Counsel Reasonably Spent 75.9 Hours Prosecuting the Litigation

Class Counsel has worked diligently to advance the interests of Plaintiff and the other Class Members' interests. Through the undertaking of a thorough investigation, informal discovery, and substantial arm's-length negotiations, Class Counsel obtained a settlement that provides a real and significant monetary benefit to the Class. Class Counsel also prepared for and attended mediation, and negotiated a complex Settlement Agreement. Class Counsel also solicited bids for claims administrators, moved for argued at the motion for preliminary approval, drafted and filed this motion for fees, and monitored the Notice Program. Class Counsel will also draft a motion for final approval and attend the final approval hearing. As

such, Class Counsel diligently and efficiently represented the Class in this matter from the beginning to the present and Class Counsel will continue to do so until final approval of the Settlement.

## B. Counsel's Hourly Rates Are Reasonable

Reasonable hourly rates are determined by "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Class Counsel are entitled to the hourly rates charged by attorneys of comparable experience, reputation, and ability for similar litigation. *Id*. at 895 n.11. Class Counsel's rates compare very favorably with rates approved by other trial courts in class action litigation and with what attorneys of comparable skill charge in similar areas of specialization. *See Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2015 WL 2438274, at *14-15 (N.D. Cal. May 21, 2015) (finding reasonable rates in a consumer fraud class action of between $475-$975 for partners, $300-$490 for associates, and $150-430 for paralegals); *Spano v. Boeing Co.*, No 06-CV-743-NJR-DGW, 2016 WL 3791123, at *3 (S.D. Ill. Mar. 31, 2016) (approving hourly rates of $460-$998 for attorneys, $309 for paralegals, and $190 for legal assistants).

## C. Counsel Assumed the Risk of Non-Payment

Courts emphasize the severity of the financial risk class counsel assumed in taking on a class action when determining the reasonableness of a fee request. *In re Dairy Farmers of Am., Inc.,* 80 F.Supp.3d 838, 847 (N.D. Ill. 2015); *see also Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 958 (7th Cir. 2013) ("Contingent fees compensate lawyers for the risk of non-payment. The greater risk of walking away empty-handed, the higher the award must be to attract competent and energetic counsel."); *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 746 (7th Cir. 2011) ("[I]f the market-determined fee for a sure winner were $1 million the market determined fee for handling a similar suit with only a 50% chance of a favorable

7

outcome should be $2 million.").

Class Counsel initiated the lawsuit knowing that it would require expenditure of significant time, effort, and money in order to achieve a successful resolution to the matter. Defendant intended on pursuing several defenses in the lawsuit, including: 1) that Defendant's biometric timekeeping system did not collect biometric identifiers or information as defined by BIPA; 2) that the statute of limitations under BIPA is one year or two years instead of five years; 3) that any liquidated damages imposed would be excessive in light of the alleged harm and so would violate Defendant's due process rights; and 4) that Plaintiff's damages claims are barred by the exclusivity provisions of the Workers' Compensation Act, an issue which was not yet decided by the Illinois Supreme Court when the parties mediated this case and finalized the Settlement Agreement. Given these risks, Settlement Class Counsel "could have lost everything" they invested. *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992) (Posner, J.). As such, the significant risk that Class Counsel accepted by taking on this matter on a contingency basis weighs in favor of approval of this motion.

D. **The Quality of Counsel's Performance**

Class Counsel achieved an <u>automatic</u> benefit for Settlement Class Members. The Settlement is a fair, reasonable, and adequate remedy for Settlement Class Members when compared to the facts and law at issue in this matter. Class Counsel represented the Class at various stages of litigation including: (1) drafted the complaint; (2) engaged in discovery and investigation of the Biometric Information collected; (3) interviewed plaintiff; and (4) engaged in a comprehensive arm's-length settlement negotiation with Defendant at an all-day mediation with a mediator.

The Settlement provides <u>automatic</u> cash payments to the 557 Settlement Class members. Further, the Settlement requires Defendant to take protective measures to protect Biometric

8

Information in the future, should Defendant ever choose to reinstate the biometric function of its timeclocks in Illinois. Class Counsel negotiated these terms with, and obtained the results for the Class from, Defendant who mounted a strong defense with experienced BIPA attorneys. The Settlement provides real benefits that will be available to Settlement Class Members in the very near future, rather than years from now, because of the efficient settlement of the case. This is a further enhancement to the value of the Settlement to the Class Members. *See Donovan v. Estate of Frank E. Fitzsimmons*, 778 F.2d 298, 309 n.3 (7th Cir. 1985) (recognizing that at a prime interest rate of 12.5 percent of a $2 million settlement sum today is worth the same as a $3.6 million recovery five years from now). As such, this factor weighs in favor of approval of this motion.

E. **The Complexity, Length, and Expense of the Litigation**

BIPA class action lawsuits are complex, risky, and expensive to litigate, especially when considering the numerous unresolved issues they present. *See supra* I.3. Class Counsel were aware that pursuing this case beyond settlement would be lengthy and expensive – it would require discovery, briefing, argument, trial, and potential appeals. All of this would require hundreds, or perhaps thousands, of hours, which would result in significant costs. Ultimately, Class Counsel accrued 75.9 hours litigating the matter up to this point. Fraietta Decl. ¶ 27. Class Counsel coordinated to avoid duplicating hours. *Id.* ¶ 26. There is still work to be done in the case as well. For example, Class Counsel will spend additional time drafting and filing Plaintiff's motion for final approval of the Settlement, preparing for and appearing at the final fairness hearing, overseeing claims administration, and resolving any appeals. *Id.* ¶ 28. As such, this factor weighs in favor of approval of Plaintiff's attorneys' fees request.

### F. The Stakes of the Litigation

Class action lawsuits are high stakes litigation and BIPA class action lawsuits come with their own set of uncertainties. The Class Members' claims could have faced a number of defenses such as the possibility that the court would dismiss some or all of the claims, decline to certify the Class, or that Plaintiff would not prevail at trial. This factor weighs in favor of granting this motion because there was an uncertain nature of the lawsuit at the beginning of the case, yet Class Members are receiving the benefits of the Settlement.

## II. THE REQUESTED COSTS AND EXPENSES AWARD IS REASONABLE AND APPROPRIATE

Pursuant to a market-based approach, attorneys who generate a benefit for the class are entitled to recover reasonable litigation expenses incurred to advance the matter. *See Great Neck Capital Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 412 (E.D. Wis. 2002). Plaintiff seeks reimbursement of $7,556.73 for costs and expenses associated with furthering this litigation. *Id.* ¶ 30. The costs and expenses include court costs, costs to the client, postage, service of process, research fees, and mediation fees. *Id*. The requested costs and expenses are certainly reasonable and consistent with what the market would award in a private setting.

## III. THE REQUESTED SERVICE AWARD IS REASONABLE AND APPROPRIATE

Representative plaintiff service awards encourage members of a class to become class representatives and reward individual efforts taken on behalf of a class. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (awarding $25,000). "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Id*.

The requested award of $5,000 to the Plaintiff is reasonable, justified, and accords with common practice. Plaintiff stepped up and volunteered to take on the responsibilities, risks, and scrutiny of bringing a class action lawsuit. This benefited the entire Class as without Plaintiff there may not have been a class action lawsuit. As described in his declaration, Plaintiff was actively involved throughout the litigation by: providing information for the Complaint, participating in interviews, reviewing filings related to the litigation, and reviewing the Settlement Agreement. Plaintiff was willing to sit for a deposition and to perform duties as the Court may have required if the case continued. Further, plaintiffs in BIPA cases risk further losses of privacy by stepping forward and being named, which justifies a reasonable service award.

Courts regularly award service awards in excess of $5,000. *See, e.g.,* Craftwood Lumber Co. v. Interline Brands, Inc., No. 11-CV-4462, 2015 WL 1399367, at *6 (N.D. Ill. Mar. 23, 2015) (approving an award of $25,000); Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc., Nos. 07-CV-2898, 09-CV-2026, 2012 WL 651727 at 16 (N.D. Ill. Feb. 28, 2012) (awarding a $25,000 award to each of seven plaintiffs); Cook, 142 F.3d at 1016 (awarding award of $25,000); *see also* Kolinek v. Walgreen Co., 311 F.R.D. 483, 503 (N.D. Ill. 2015) (awarding $5,000 where the case did not proceed past the earliest stages of discovery). As such, the requested service award of $5,000 is reasonable and warranted considering Plaintiff's participation and willingness to undertake the responsibilities and risks attendant with bringing this class action lawsuit.

## **CONCLUSION**

The requested attorneys' fees, costs and expenses, and service award are reasonable and appropriate and should be approved by this Court. Plaintiff, individually and on behalf of the

Class Members, by and through Class Counsel, prays that this Court enter an order: (a) granting Plaintiff's request for attorneys' fees in the amount of $148,518.48; costs and expenses in the amount of $7,556.73; and a service award for Plaintiff in the amount of $5,000; and (b) granting such other and additional relief that this Court may deem just and appropriate.

Dated: June 6, 2022                  Respectfully Submitted,

/s/ *Philip L. Fraietta*
    Philip L. Fraietta

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
jmarchese@bursor.com
pfraietta@bursor.com

*Pro Hac Vice Application Forthcoming*

*Class Counsel*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Carl V. Malmstrom
ARDC No. 6295219
111 W. Jackson Street, Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
E-mail: malmstrom@whafh.com

*Local Counsel for Plaintiff and the Settlement Class*

12